IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DeROYALE A. JOHNSON,

        Plaintiff,

    v.                              CASE NO. 14-3044-SAC

(fnu) Dr. Sale, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Shawnee County Jail, Topeka, Kansas (SCJ). Having examined the materials filed, the court finds that the statutory filing fee prerequisites have not been satisfied and the complaint is deficient in several ways.[1] Plaintiff is given time to cure these deficiencies. If he fails to comply within the prescribed time, this action may be dismissed without further notice.

## FILING FEE

---

[1] Local court rule requires that an inmate submit his civil rights complaint upon court-approved forms. Mr. Johnson has submitted only the first two pages of the court's complaint form and has not submitted his claims upon forms. The court herein takes judicial notice of prior, similar civil rights actions filed by Mr. Johnson and notes that he is no stranger to federal court. Mr. Johnson is warned that if he files another action in this court that is not fully and properly presented upon court-approved forms, he will be required to re-submit his complaint.

The fees for filing a civil action in federal court total $400.00 and consist of the statutory fee of $350.00 under 28 U.S.C. § 1914(a) plus an administrative fee of $50.00; or for one that is granted leave to proceed in forma pauperis the fee is $350.00. Plaintiff has submitted a Motion to Proceed without Prepayment of Fees. However, the financial information submitted to support this motion does not meet statutory requirements. 28 U.S.C. § 1915 requires that a prisoner seeking to proceed without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has submitted a document entitled "Work with Fund Ledger" for a single day only. He states that he was previously at the county jail from April 16, 2013 through July 3, 2013, but does not explain where he was for the six-month period that began in October 2013. If he was confined in any other jail or prison before being booked back into Shawnee County Jail, then it is his responsibility to obtain certified statements showing transactions in his inmate accounts at any prior institutions during the relevant six-month period and to provide that information to this court. Plaintiff

is given time to satisfy this statutory prerequisite. He is forewarned that if he fails to provide the requisite financial information or show cause why he cannot within the prescribed time, this action may be dismissed without further notice.

Plaintiff is reminded that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees will not relieve him of the obligation to pay the full amount of the filing fee. Instead, it merely entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as funds become available.[2]

**ALLEGATIONS AND CLAIMS**

Generally, exhibits and other evidence should not be submitted with the complaint. However, when exhibits are attached, they may be considered part of the complaint. Plaintiff has attached numerous exhibits to his complaint.

As Count I of his complaint, Mr. Johnson asserts violation of his Eighth Amendment right to adequate health care. He generally claims that defendant Dr. Sale was the "Corizon Clinical Head Doctor" whose "reckless" actions caused plaintiff

---

[2] Under 28 U.S.C. § 1915(b)(2), the Finance Office of the facility where Mr. Bruce is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in his institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

bodily harm and pain. Plaintiff's allegations and exhibits indicate the following factual background for this count. Mr. Johnson had a pre-existing "event or condition" involving his shoulder, which was "reinjured upon (his) arrest on January 29, 2014." He was booked into the SCJ on January 30, 2014. He cannot lift or rotate his left shoulder without "extreme chronic pain." Plaintiff had been taking Tylenol for pain control when his medication was changed to Ibuprofen. He is allergic to Ibuprofen in that it makes him sick. He sent a Health Care Request (HCR) on February 15, 2014, stating that he was in extreme severe chronic pain and had been without pain medication since the day before because he had to refuse Ibuprofen. On February 17, 2014, he was notified in writing "Ibuprofen/NSAIDS added to allergy list" and that his pain and shoulder issues would be referred to Dr. Sale. He was in "severe chronic pain" for 72 hours. Plaintiff alleges that medical records from April and October 2013 reflected his allergy to Ibuprofen. However, exhibited administrative responses indicate that he did not report this particular allergy at his January 2014 intake assessment. An administrative response dated March 10, 2014, to one of plaintiff's grievances provided in pertinent part:

> Your records do not show any dangerous allergies to the pain medication given. Furthermore, the records do not reflect that you advised any medical staff of your allergy upon your initial screening. Finally

4

> when you were given the pain medication, you reported
> that you had an allergy to the medication and it was
> immediately replaced with a different medication. You
> never reported having negative symptoms (from having
> taken the medication) so that further steps could be
> taken to alleviate those symptoms.

Doc. 1-1 at pg. 23.

Plaintiff informed the "intake assessment nurse" of "shoulder injuries sustained during his arrest" and sent six HCRs from January 31 through February 17, 2014. Plaintiff's shoulder was x-rayed on February 10, 2014, and he "received a response stating there was no fracture or dislocation of the shoulder." It took 14 dollars and 19 days before he was seen by a doctor. On February 17, 2014, he was seen by defendant Dr. Sale. He told Dr. Sale that he had complications from two total hip replacement operations and would be in pain for the rest of his life. He also told Dr. Sale that he felt his right shoulder rotator cuff was healing but not the left, which was causing him extreme chronic pain, and that he could not lift his left arm or rotate his arm and shoulder without "extreme chronic pain." Dr. Sale did not touch him to examine him but only asked what he could do to stop his complaints. Dr. Sale "did not investigate" plaintiff's "injuries sustained during his arrest." Dr. Sale prescribed an increased and more frequent dosage of Tylenol pain medication, ordering that Mr. Jones was to receive 975 mgs of Tylenol in the morning, at noontime, and at night.

On February 2 and again on March 4, 2014, a nurse checked out plaintiff's noontime medication but did not deliver it to him. Sometimes plaintiff was brought less than 975 mgs of his medication. On February 4, 2014, plaintiff sent an inmate request to "staff Director of Nursing," which "Day Supervisor" RN Don responded to the next day: "records indicate you are receiving your noon doses now I will continue to monitor." On February 23, 2014, plaintiff submitted another HCR complaining that his noontime medication was not being delivered.[3] In this HCR, plaintiff also requested an MRI of his left shoulder because he felt this procedure would let him know if his shoulder would heal on its own or he needed to seek surgery. He believed that an x-ray was not adequate to diagnose a rotator cuff injury. Defendant RN Kerrin Marsh responded the next day that Dr. "does not believe an MRI is indicated" and "[o]ur records indicate that you have been receiving your Tylenol as ordered."

As Count II, plaintiff asserts violation of his First Amendment right to access the courts. His allegations and exhibits indicate the following factual background for this claim. Plaintiff sent a "Request to Staff the Director of

---

[3] Plaintiff also alleges that on March 4, 2014, Med-Tech Erica stated in front of Officer Bryan that she knew inmate Johnson wasn't receiving his noontime meds all the time even though it was logged as checked out and delivered in the "Corizon medication log." However, plaintiff's statement as to what another person said is not competent evidence.

6

Nursing" asking for copies of his own medical records and "the full names, positions, and titles of Corizon staff personnel who are to be named" in his civil rights complaint.[4] Defendant Marsh denied his request and advised that he needed approval from the Director of the Shawnee County Department of Corrections in order to possess his medical records in the jail and to obtain the information regarding clinic personnel.[5] Plaintiff stated in his exhibited Inmate Request dated February 28, 2014, that on February 20, 2014, he had received a "full and complete" copy of his medical records except for "Jan 30 2014 intake assessment" and a sick call record from Feb. 10, 2014. He stated that his "disability lawyers" had obtained these records on his behalf from the Corizon medical clinic. He further stated that the two

---

[4] Plaintiff more specifically alleges that in Inmate Requests dated February 28 and March 7, 2014, he asked for the "full names, titles and position of" Dr. Sale, Kerrin Marsh, RN Don Day Supervisor, and "the RN Nurse who worked as Corizon intake assessment nurse on January 30, 2014 day shift" that "took his assessment when he was booked in."

[5] Plaintiff exhibits another pertinent administrative response dated March 10, 2014, which provided in relevant part:

> Medical records . . . contain information that we do not allow inmates to possess (while in the facility) for security reasons. This includes that the very laws you referenced may be violated if we contribute to another inmate viewing those records. [Y]ou were told that you had to get Administrative Consent for the records and that the cost of copying those records would be $18.97. . . . If you want the copies made at your expense, you can provide me notification of that and I will arrange to get the copies made.

*Id.* at pg. 23.

records he did not have would show that he "notified the medical dept." of his allergy to Ibuprofen.

Plaintiff names as defendants Dr. Sale and HSA Karrin Marsh. He claims that he has not been able to work, play sports, exercise, attend church services, congregate with others, get mental health therapy, or attend self-help courses since he was booked into the SCJ due to his inability to use his left shoulder. Plaintiff asserts that his right to necessary medical treatment under the Eighth Amendment and his right of access to the courts under the First Amendment were violated. For relief, plaintiff seeks a "5 year injunction against the Corizon Clinic" requiring that "they" treat a person entering the SCJ "as if they entered the Stormont Vial (sic) Emergency room" and "send referrals to the appropriate clinical dept." of people with visible injuries "that are not life threatening." In addition, plaintiff seeks compensatory and punitive damages.

## **SCREENING**

Because Mr. Johnson is a prisoner suing government officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such

8

relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Having examined all materials filed under the foregoing standards, the court finds that this action is subject to being dismissed for failure to state a claim.

**FAILURE TO STATE EIGHTH AMENDMENT CLAIM**

The Eighth Amendment provides prisoners the right to be free from cruel and unusual punishments. This right is violated if prison officials show "deliberate indifference to an inmate's serious medical needs." *Boyett v. County of Washington*, 282

9

Fed.Appx. 667, 672 (10th Cir. 2008); *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious" (*Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); and a subjective component requiring that [jail] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). "A medical need is sufficiently serious if it 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Boyett,* 282 Fed.Appx. at 672 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Martinez*, 430 F.3d at 1304 (*quoting Farmer*, 511 U.S. at 834). "A prison official has a sufficiently culpable state of mind if the official 'knows of and disregards an excessive risk to inmate health or safety.'" *Boyett,* 282 Fed.Appx. at 672 (citing *Farmer*, 511 U.S. at 837); *Martinez*, 430 F.3d at 1304. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Martinez*, 430

10

F.3d at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

It is established that an inadvertent failure to provide adequate medical care or a negligent diagnosis "fail[s] to establish the requisite culpable state of mind." *Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Estelle*, 429 U.S. at 105-106 (footnote omitted).

Likewise, a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106-07; *Handy v. Price*, 996 F.2d 1064, 1067

11

(10th Cir. 1993)(affirming that a quarrel between a prison inmate and doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992)(Plaintiff's contention that he was denied treatment by a specialist is insufficient to establish a constitutional violation.); *El'Amin v. Pearce*, 750 F.2d 829 (10th Cir. 1984)(A mere difference of opinion over the adequacy of medical treatment cannot provide the basis for an Eighth Amendment claim.). The prisoner's right is to medical care - not to the type or scope of medical care he personally desires.

Furthermore, a claim of total denial of medical care differs from a claim of inadequate medical care. *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968). Where the complaint alleges a "series of sick calls, examinations, diagnoses, and medication," it "cannot be said there was a 'deliberate indifference' to the prisoner's complaints." *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976).
Additionally, in situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires the inmate to show that he suffered "substantial harm" as a result of the delay. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001); *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993)(a delay in

providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm.). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain'." *Garrett*, 254 F.3d at 950. In cases involving allegations of missed diagnoses or delayed treatment, a plaintiff may establish liability by showing:

> (1) a medical professional recognizes an inability to treat the patient due to the seriousness of the condition and his corresponding lack of expertise but nevertheless declines or unnecessarily delays referral, e.g., a family doctor knows that the patient needs delicate hand surgery requiring a specialist but instead of issuing the referral performs the operation himself; (2) a medical professional fails to treat a medical condition so obvious that even a layman would recognize the condition, e.g., a gangrenous hand or a serious laceration; [or] (3) a medical professional completely denies care although presented with recognizable symptoms which potentially create a medical emergency, e.g., a patient complains of chest pains and the prison official, knowing that medical protocol requires referral or minimal diagnostic testing to confirm the symptoms, sends the inmate back to his cell.

*Boyett*, 282 Fed.Appx. at 673 (quoting *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006)).

Taking all of plaintiff's factual allegations as true, as opposed to his conclusory statements and opinions, the court finds that plaintiff fails to state a claim of cruel and unusual punishment under the Eighth Amendment. Mr. Johnson's specific allegations in the complaint and his exhibits show that medical

13

attention was afforded to him at the SCJ. Plaintiff's own allegations and exhibits show that he was medically assessed upon intake, was given a shoulder x-ray, was seen by Dr. Sale, and that Dr. Sale prescribed medication and diagnosed his shoulder as not needing an MRI.

Plaintiff's allegations and exhibits further show that Mr. Johnson's complaints amount to his difference of opinion with the professional diagnosis and treatment provided by Dr. Sale. Plaintiff alleges that he was not examined and treated as he believes was necessary and that his request for an MRI was denied. The questions of what diagnostic tests should be performed and what treatment is necessary are classic examples of medical judgment. An erroneous medical decision regarding a test or treatment does not, without more, amount to cruel and unusual punishment. At most, an error in medical judgment amounts to malpractice,[6] which is not actionable under the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

Furthermore, Dr. Sale's failure to touch Mr. Johnson during an examination does not demonstrate that Dr. Sale ignored a substantial risk of serious harm.[7] Careless diagnosis or

---

[6] If plaintiff can allege facts to support a claim for medical malpractice, his remedy is in state, not federal, court. He is advised that there is a statutory time limit on the time in which a medical malpractice lawsuit may be filed in state court.

[7] Plaintiff's bald statement that he was injured during his arrest and

14

treatment of known serious medical needs is insufficient to state a constitutional claim. As held in *Farmer v. Brennan*, 511 U.S. 825, 828 (1994), a plaintiff must show that the defendant in question intentionally ignored "a substantial risk of serious harm to an inmate" in order to maintain a constitutional claim under the Eighth Amendment. The state of mind required is "more blameworthy than negligence." *Id.* at 835. *Farmer* specifically held that careless diagnosis or treatment of known "serious medical needs of prisoners" is insufficient. *Id.*

Plaintiff's allegations of being offered Ibuprofen to which he was allergic and refusing this medication for 72 hours are not accompanied by allegations of any substantial injury or a culpable state of mind on the part of Dr. Sale. Nor does he state that he sought but was denied immediate medical attention for severe pain. With respect to plaintiff's allegations of missed dosages, he provides only two separate dates on which he claims one of three doses of his medication was not delivered. He alleges no facts suggesting that non-delivery of these two doses was other than accidental or inadvertent or that the delay in his receipt of medication resulted in substantial harm. His

---

was not treated utterly fails to show that Dr. Sale ignored a substantial risk of harm to plaintiff. This statement is completely conclusory. Plaintiff does not describe the injuries and does not allege or show when and from whom he sought medical treatment for these injuries in particular. Nor does he describe any such injury that was so apparent after his arrest that even a lay person would recognize the need for immediate medical treatment.

allegation that sometimes he was not given full doses is too vague to state a claim or assign liability. Moreover, plaintiff does not allege that Dr. Sale intentionally interfered with his medication or even personally participated in any failure to deliver his medication or provide the correct dosage on any given date. Finally, once plaintiff notified or reminded medical staff of his allergy, the matter was quickly resolved.

Based on the foregoing, the court finds that plaintiff's claims of denial of medical treatment are subject to dismissal for failure to state a claim under the Eighth Amendment.

**FAILURE TO STATE DENIAL OF ACCESS CLAIM**

It is well-established that a prison inmate has a constitutional right of access to the courts. However, in order to state such a claim, "an inmate must satisfy the standing requirement of 'actual injury.'" *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996). To establish actual injury, the plaintiff must show that the alleged deprivation "prejudiced him in pursuing litigation." *Johnson v. Miller*, 387 Fed.Appx. 832, 839 (10th Cir. 2010)(citing *see Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996)); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996)("meaningful access to the courts is the touchstone . . . the inmate . . . must . . . demonstrate that the alleged

16

(deprivation) hindered his efforts to pursue a legal claim."). This element may be shown by alleging prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim, or that a nonfrivolous legal claim filed by him was dismissed, frustrated or impeded. *Id*. at 350, 353.

In this case, Mr. Johnson alleges that his requests for the two medical records were denied, but he utterly fails to describe any actual injury that resulted from this denial. Instead, he merely states in conclusory fashion that his right of access was denied as a result. He alleges no facts showing that any non-frivolous action filed by him was actually impeded by the denial of these two medical records. His argument that the excluded records will confirm his position that his allergy to Ibuprofen could have been found in his medical records does not suggest any basis for finding actual prejudice to this or any other lawsuit.[8]

Likewise, plaintiff makes no showing that the denial of his request for personal information regarding medical staff impeded his filing of this or any other lawsuit. Nor would it seem that

---

[8] As the court previously implied herein, whether or not plaintiff's allergy to Ibuprofen was listed in his medical record and overlooked at intake is immaterial, given that plaintiff refused to take Ibuprofen when offered and managed to quickly correct the error through administrative channels.

17

he could, since he managed to file this action against Dr. Sale and HSA Karrin Marsh.

**DISMISSAL WILL COUNT AS STRIKE**

Plaintiff is notified that dismissal of this cause of action will be pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), because plaintiff's allegations fail to state a claim. Accordingly, this case will count as a "strike" against him pursuant to 28 U.S.C. § 1915(g)[9] upon affirmance or waiver of his opportunity to appeal. The court takes judicial notice of other similar actions filed by Mr. DeRoyale Johnson while he was incarcerated and finds that two of these actions appear to be prior occasions. In the first action, *Johnson v. Richins*, Case No. 2:08-CV-945-CW (D. Utah, Aug. 23, 2011), while plaintiff was an inmate at the Utah State Prison, he filed a 1983 complaint claiming that defendant prison officials temporarily withheld his pain medication following an "alleged cheeking incident," and unfairly dealt with his related grievances. His claims were

---

[9] Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

18

dismissed on summary judgment upon the court's findings that the record did not support plaintiff's claim that his pain was so severe as to constitute a serious medical need and, even it did, the record showed that medical personnel were not deliberately indifferent to plaintiff's condition. In addition plaintiff's claim of denial of due process was found to be "entirely without merit."). Plaintiff appealed this decision, and the Tenth Circuit affirmed, finding that the record did not show either deliberate indifference or substantial harm to Mr. Johnson. *Johnson v. Richins*, No. 10-4171 (10th Cir. Aug. 23, 2011). Mr. Johnson's motion to proceed on appeal without prepayment of costs was denied. In the second action, Mr. Johnson filed a § 1983 complaint while confined at the Salt Lake County Jail, claiming denial of medications and failure to provide adequate medical treatment for a hernia. *Johnson v. Tubbs*, Case No. 2:11-CV-641 DB (D. Utah, March 1, 2013). This action was dismissed upon defendants' motion to dismiss for failure to comply with the statute of limitations. The court finds that these two actions filed by Mr. Johnson qualify as "prior occasions" under § 1915(g).

If the instant action becomes a strike, it will be Mr. Johnson's third, and he will be designated a three-strikes litigant. In that event, he will be required to pay the full

19

filing fee of $400.00 upfront in order to litigate a claim in federal court, unless he makes a showing that he is in imminent danger of serious physical injury.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to provide the financial information required by federal law to support his Motion to Proceed without Prepayment of Fees.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to show cause why this action should not be dismissed for failure to state a claim and as frivolous for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 26th day of March, 2014, at Topeka, Kansas.

                                      **s/Sam A. Crow**
                                      **U. S. Senior District Judge**